# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00169-CV

**Patricia Mihal, Appellant**

**v.**

**GEICO Advantage Insurance Company, Appellee**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-003830, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The dispute in this appeal is whether a party may, as a matter of law, obtain a discretionary award of attorney's fees in a declaratory-judgment action seeking to declare the amount to which that party is entitled under an underinsured motorist (UIM) policy. Patricia Mihal appeals the trial court's judgment denying her an award of attorney's fees against her insurer, GEICO Advantage Insurance Company, based on the trial court's determination that attorney's fees are "precluded as a matter of law" when a party brings a claim for UIM benefits under the Uniform Declaratory Judgments Act (UDJA). *See Allstate Ins. v. Jordan*, 503 S.W.3d 450, 457 (Tex. App.—Texarkana 2016, no pet.) (holding that award of attorney's fees under UDJA for UIM claims was error). *But see* Tex. Civ. Prac. & Rem. Code § 37.009 ("In any proceeding under this chapter [Declaratory Judgments], the court may award costs and reasonable and necessary attorney's fees as are equitable and just."); *Allstate Ins. v. Irwin*, 606 S.W.3d 774, 780 (Tex. App.—San Antonio 2019) (holding that attorney's fees are

recoverable under UDJA for UIM claims), *aff'd*, No. 19-0885, 2021 WL 2021446, at *6 (Tex. May 21, 2021).

After an automobile accident with a third-party driver, Mihal settled with the driver for the limits of the driver's liability insurance. Mihal then filed a UDJA lawsuit against GEICO seeking to declare the liability of the other driver and the amount of her damages. Following a jury verdict, the trial court rendered a judgment adjudging the other driver solely at fault and declaring Mihal's damages in excess of $600,000. The judgment awarded Mihal the full limits of her UIM coverage ($100,000), plus court costs, but denied Mihal's request for attorney's fees.

In its judgment, the trial court recited that it is "not exercising its discretion to deny an award of attorney's fees" because an award of attorney's fees is "precluded as a matter of law." Mihal complains that the trial court's legal determination about attorney's fees is erroneous. In light of binding recent authority, we agree with Mihal. *See Irwin*, 2021 WL 2021446, at *6 (determining that declaratory-judgment action is proper vehicle for resolving contractual dispute about UIM coverage and affirming trial court's award of attorney's fees because "[p]art of the remedy [the UDJA] affords is a discretionary award of reasonable attorney's fees when equitable and just").

Accordingly, we reverse the portion of the trial court's judgment denying Mihal an award of attorney's fees and remand this cause to the trial court for reconsideration of whether an award of reasonable attorney's fees is equitable and just. We affirm the remainder of the judgment.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed in Part; Reversed and Remanded in Part

Filed:   July 15, 2021